UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

ALLEN DWAYNE BUCHANAN and                Case No. DG 14-06089
KATINA MALYNN BUCHANAN, aka              Chapter 13
TINA BUCHANAN,                           Hon. Scott W. Dales

            Debtors.
_____/

<u>MEMORANDUM OF DECISION & ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge


On the motion of chapter 13 trustee Brett N. Rodgers (the "Trustee"), the court dismissed the bankruptcy case of Allen and Katina Buchanan (the "Debtors") on January 10, 2019.  On the same day, Andersen, Ellis & Shephard f/d/b/a David Andersen & Associates, P.C. (the "Firm") filed (1) its third application for compensation under § 330(a)(4), seeking fees and expenses in the amount of $665.82 (ECF No. 55, the "Fee Application"); and (2) a Motion for Determination of Cause Under 11 U.S.C. 349(b) (ECF No 56, the "Section 349 Motion").  Although no one objected to either filing, the court scheduled a hearing which took place in Grand Rapids, Michigan, on March 6, 2019.

After the court issued a hearing notice advising parties to be prepared to discuss the decisions in *In re Gonzales*, 578 B.R. 627 (Bankr. W.D. Mich. 2017) and *In re Reilly*, 2018 WL 6584776, Case No. DG 17-02411 (Bankr. W.D. Mich. Dec. 12, 2018), the Firm withdrew the Section 349 Motion (ECF No. 64).  The Fee Application, however, remained on the March 6, 2019 motion calendar.

The Fee Application requests approval of counsel's fee for representing the Debtors in connection with their bankruptcy case and an order directing the Trustee to pay the Firm using the Debtors' post-confirmation plan payments.   The Section 349 Motion also seeks "a determination of cause under 11 USC § 349(b) to allow the trustee to disburse funds" directly to the Firm (rather than the Debtors) -- precisely the relief the court withheld in *Gonzales* and *Reilly*.

The Order Dismissing Chapter 13 Case (the "Dismissal Order," ECF No. 57), contained the following provisions relevant to the Firm's Fee Application and (now-withdrawn) Section 349 Motion:

> … the court retains jurisdiction for the purpose of allowing Debtors' bankruptcy counsel to file for approval of attorney fees under 11 U.S.C. § 330 and payment of those fees from funds currently on hand with the Chapter 13 Trustee.

> … the Chapter 13 Trustee is hereby authorized to retain funds currently on hand pending a decision of the court regarding any unpaid claim allowed under section 11 U.S.C. § 503(b), including but not limited to any attorney fees that shall be approved under 11 U.S.C. § 330.

*See* Dismissal Order at ¶¶ 2-3.  The Firm's counsel seemed to suggest that, by including these provisions, the court somehow predicted a ruling in the Firm's favor on whether there is "cause" under § 349(b) to prevent the funds in the Trustee's hands from re-vesting in the Debtors. Nothing in the Dismissal Order, however, signaled the court's willingness to permit the Trustee to pay the Firm.  Instead, the Dismissal Order simply recognizes that because dismissal has jurisdictional implications, the court would grant the Firm's oral motion at the dismissal hearing to retain jurisdiction to consider post-dismissal requests for relief, such as the Fee Application and the Section 349 Motion.  This reservation of jurisdiction, however, does not undermine the

*Gonzales* opinion which holds that the re-vesting language within § 349(b)(3) does not apply to post-confirmation plan payments such as those at issue in this case.

Despite withdrawing the Section 349 Motion,[1] the Firm's counsel continued to advocate for an order directing the Trustee to pay funds on hand to the Firm, rather than the Debtors, as the court reportedly did in another case in which the Firm participated. Evidently counsel's partner, in another dismissed case, convinced the court to permit the Trustee to pay attorney fees, post-dismissal, under §§ 330(a)(4) and 503(b) based on a showing that the debtors agreed to the direct payment of fees.[2] The gist of the argument is that as long as the Debtors have agreed to have the Trustee pay the Firm directly, the court should order it. The court rejects the argument in this case for several reasons.

First, the court rejected this very argument in *Gonzales* and *Reilly* and the Firm offers no compelling reason to reconsider the rationale of those decisions. Although the Debtors' confirmed plan certainly contemplated paying the Firm as a cost of administration using post-confirmation plan payments, the plan is "no longer 'bind[ing],'" as the Supreme Court stated in the context of conversion from chapter 13 to chapter 7. *Harris*, 135 S. Ct. at 1838.

Second, it is not entirely clear the Debtors in this case are as agreeable as the debtor in the Firm's other case to which counsel referred during the hearing, given the Firm's statement in the Section 349 Motion that unless the court orders the Trustee to pay the Firm directly, "Counsel will be required to go to state court to enforce their valid Attorney-Client Agreement." *See* Section 349 Motion at ¶ 2(d). If the Debtors are as cooperative as counsel implied during the

---

[1] Although the Firm withdrew the Section 349 Motion, its Fee Application also seeks an order directing the Trustee to pay any approved fees and costs from post-confirmation funds on hand.

[2] The court does not challenge counsel's report but has been unable to identify the precise matter she mentioned on the record. Regardless, although it strives for consistency, the court should not repeat an error that is called to its attention simply because it made the same error in another case.

hearing, the reference within the Section 349 Motion to state court enforcement is puzzling. Moreover, if the Debtors are willing to have the Trustee use remaining plan payments to pay the Firm, they should be equally willing to pay the Firm themselves, after the Trustee refunds their plan payments to them.

Third, as the court noted during the hearing, the Bankruptcy Code and the Supreme Court require bankruptcy stakeholders "to basically unwind the entire case as if it never happened." *In re Bateson,* 551 B.R. 807, 813 (Bankr. E.D. Mich. 2016) (citing *Harris v. Viegelahn*, 135 S.Ct. 1829 (2015)); *see also Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 979 (2017) (dismissal of a bankruptcy case "aims to return to the prepetition financial *status quo*"). Requiring the Trustee to pay the Firm rather than the Debtors would give the Firm "a judicially-approved head start" over the Debtors' other claimants (prepetition and post-petition) whose claims also remain unsatisfied at dismissal. *In re Gonzales*, 578 B.R. at 634. Indeed, in the common occurrence of a debtor's re-filing a petition shortly after dismissal, entry of an order requiring direct payment to debtor's counsel could also interfere with a future bankruptcy trustee's exercise of chapter 5 avoidance powers, contrary to the spirit of *Harris* and *Jevic*, and the holdings in *Bateson*, *Gonzales,* and *Reilly*, *supra*. So, to the extent the Fee Application requests an order directing the Trustee to pay the Firm (rather than refund plan payments to the Debtors), the court will deny the request. Consistent with the court's opinion in *Gonzales* and *Reilly,* the Trustee shall remit the funds on hand to the Debtors.

Finally, as noted during the hearing, the court has reviewed the Fee Application through the dual lenses of §§ 329 and 330 and approves the fees and costs as reasonable and not excessive. Although the Trustee has no authority to pay the Firm, nothing in today's opinion should be construed as affecting the Debtors' obligations to the Firm under non-bankruptcy law.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Fee Application (ECF No. 55) is GRANTED to the extent it seeks approval of fees and expenses in the amount of $665.82 as reasonable and not excessive but DENIED to the extent it seeks an order directing the Trustee to pay the fees from funds on hand as a cost of administration.

IT IS FURTHER ORDERED that the Trustee shall promptly remit the post-confirmation funds remaining on hand to the Debtors.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Allen Dwayne Buchanan and Katina Malynn Buchanan, Rebecca L. Johnson-Ellis, Esq., Brett N. Rodgers, Esq., and the United States Trustee (by First Class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 7, 2019**



Scott W. Dales
United States Bankruptcy Judge